IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LUMBERMENS MUTUAL CASUALTY COMPANY,

    Plaintiff,

v.                                           Civil Action No. 1:09CV52
                                                        (STAMP)
PEIRCE, RAIMOND & COULTER, P.C.,
a Pennsylvania professional corporation
a/k/a Robert Peirce & Associates, P.C.,
a Pennsylvania professional corporation,
ROBERT PEIRCE, JR., LOUIS A. RAIMOND,
MARK T. COULTER, ROBERT V. GILKISON,
RAY HARRON, M.D. and
CSX TRANSPORTATION, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT FOR DECLARATORY JUDGMENT**

I.  Background

The plaintiff, Lumbermens Mutual Casualty Company ("Lumbermens"), filed a complaint for declaratory judgment against the defendants. The plaintiff has now filed a motion for leave to amend complaint for declaratory judgment to which Peirce, Raimond & Coulter, P.C. ("the Peirce Firm") and Robert Peirce, Jr., Louis A. Raimond, and Mark T. Coulter (collectively "the lawyer defendants") filed a response[1] and the plaintiff did not reply. For the reasons set forth below, the plaintiff's motion for leave to amend complaint for declaratory judgment is granted.

---

[1] Lumbermens states in its motion that defendant Robert V. Gilkison ("Gilkison") consents to the filing of the amended complaint. Defendant Gilkison filed no formal response to the motion.

II. Facts

Lumbermens issued a lawyers errors and omissions liability claims made policy to the Peirce Firm, in effect from January 6, 2001 through January 6, 2002. On December 22, 2005, CSX Transportation, Inc. ("CSX Transportation") filed suit, Civil Action No. 5:05-cv-202 ("the underlying action"),[2] against the Peirce Firm, among others, which included fraud under both common law and civil RICO, 18 U.S.C. §§ 1961 et seq. The Peirce Firm reported these claims to Lumbermens.

Lumbermens thereafter filed a complaint for declaratory judgment, contending that the coverage provided was subject to various exclusions, one of which was acts, errors, or omissions that were illegal, dishonest, fraudulent, criminal, or malicious in nature. In this complaint, Lumbermens requested that this Court enter a declaratory judgment establishing that (1) Lumbermens had no duty to defend the Peirce Firm, and/or the lawyer defendants for the claims asserted by CSX against these defendants in the underlying action; (2) Lumbermens may suspend the defense of the Peirce Firm and/or the lawyer defendants with regard to the claims asserted by CSX in the underlying action; (3) Lumbermens has no

---

[2]On September 15, 2009, the Clerk entered judgment in the underlying action. At that time, it was ordered and adjudged that the jury rendered a verdict on August 14, 2009, in favor of the defendants, and against the plaintiff regarding the May/Jayne fraud. The Court had also granted (1) the lawyer defendants' motion for summary judgment regarding Counts 3 and 4 (fraud and conspiracy related to Baylor) and (2) defendant Dr. Harron's motion for summary judgment, both concerning the Baylor fraud.

duty to indemnify the Peirce Firm and/or the lawyer defendants for the claims asserted by CSX in the underlying action; (4) Lumbermens has no duty to indemnify the Peirce Firm and/or the lawyer defendants for any punitive or exemplary damages that may be imposed; (5) Lumbermens is entitled to recover from the Peirce Firm and/or the lawyer defendants for the amounts which Lumbermens expended in defense of the claims of CSX in the underlying action; (6) Lumbermens is entitled to recover from the Peirce Firm and/or the lawyer defendants for the amounts which Lumbermens expended to prosecute this declaratory judgment; and (7) such other relief as this Court deems appropriate.

### III. <u>Applicable Law</u>

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or

futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

## IV. Discussion

The plaintiff seeks to amend its complaint based upon "circumstances that have developed since the filing of the original complaint for declaratory judgment and matters that have been brought into focus as the trial of the underlying action has approached." (Pl.'s Mot. to Amend at 1, Aug. 20, 2009.) The amended complaint does not change its request for relief, but attempts to clarify the changed circumstances.

In response, the Peirce Firm and the lawyer defendants state that they do not object to the plaintiff's request to file an amended complaint. These defendants, however, duly note that they disagree with the plaintiff's substantive assertions in support of its motion.

Rule 15(a) grants the court broad discretion, and a court should grant leave to amend absent an improper motive such as undue delay, bad faith, or successive motions to amend that do not cure the alleged deficiency. See Ward Elec. Serv., 819 F.2d at 497. In Foman v. Davis, 371 U.S. at 182, the Supreme Court stated,

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of all allowance of the

4

>amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith, or dilatory motive. Moreover, the prejudice to the defendants is not significant as to prevent this Court from allowing the amendment, and this Court cannot conclude that the plaintiff's amendment would be futile, as it raises substantive issues that this Court cannot dismiss upon cursory review. Accordingly, this Court grants the plaintiff's motion for leave to amend complaint for declaratory judgment.

## V. Conclusion

For the reasons set forth above, the plaintiff's motion for leave to amend complaint for declaratory judgment is hereby GRANTED. The Clerk is DIRECTED to file the amended complaint, which was attached as "Exhibit A" to the plaintiff's motion for leave to amend complaint for declaratory judgment, Docket No. 52. The plaintiff is DIRECTED to serve the amended complaint on the defendants. The parties served with the amended complaint shall make any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims or cross-claims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 15, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE